## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL NO. 08-435-JM** |
| | ) |
| **Land and Buildings Located at** | ) |
| **286 Squantum Road, Jaffrey, New Hampshire,** | ) |
| *with all Appurtenances and Improvements Thereon,* | ) |
| **Owned by Thomas E. Neal, et al.,** | ) |
| | ) |
| | ) |
| **Defendants-in-rem.** | ) |
| | ) |

## ORDER FOR INTERLOCUTORY SALE OF LAND AND BUILDINGS
## LOCATED AT 286 SQUANTUM ROAD, JAFFREY, NEW HAMPSHIRE

Having reviewed the Motion for Interlocutory Sale of Land and Buildings Located at

286 Squantum Road, Jaffrey, New Hampshire,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      The defendant-in-rem real property, Land and Buildings Located at 286 Squantum

Road, Jaffrey, New Hampshire, with all Appurtenances and Improvements Thereon, Owned by

Thomas E. Neal, shall be sold at an interlocutory sale pursuant to the terms set forth in the

Motion for Interlocutory Sale;

2.      Mr. Neal will execute promptly any documents which may be required to

complete the interlocutory sale of the defendant-in-rem real property;

3.      The United States Marshals Service (USMS) will promptly market and sell the

property at a price of not less than ninety-five percent of the value of the defendant-in-rem real

property shown on the most recent appraisal. Updated appraisals may be obtained, as warranted and the sales price adjusted accordingly.

4.      If the highest offer to purchase is less than ninety-five percent of the appraised value, the sale shall go forward only if the United States agrees to the sale. However, if an offer to purchase is received for a figure of ninety-five percent or more of the appraised value, The USMS may enter into a sales contract without prior consent of the United States;

6.      The USMS may, in its sole discretion, reject any offer to purchase the defendant property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture;

7.      The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following expenses, which shall be paid at the time of closing from the proceeds of the sale:

      A.  Real estate commissions, if any;

      B.  The amounts due to lienholders;

      C.  Real estate property taxes which are due and owing;

      D.  Insurance costs, if any;

      E.  Escrow fees;

      F.  Document recording fees not paid by the buyer;

      G.  Title fees;

      H.  Transfer taxes;

8.      Sixty percent of the net proceeds realized from the sale of the defendant property shall be provided as a "substitute <u>res</u>" for the defendant property named in this lawsuit, and *at the*

2

*time of the closing* shall be remitted to the custody and control of the United States Marshals Service as a substitute <u>res</u> in this case; the parties agree that the substitute <u>res</u> may be forfeited immediately to the United States of America.  The remaining forty percent of the net proceeds will be paid to Mr. Neal, through his counsel, Preti Flaherty PLLP, at the time of closing; and

10.    Mr. Neal will retain custody, control, and responsibility for the defendant property, will retain existing hazard and homeowners' insurance on the defendant property, will maintain the structure and grounds in a manner consistent with offering the property for sale, and will keep current on all expenses required by federal, state and local law (including real property taxes) from the date of this order until the interlocutory sale has been completed.

Dated: April 19, 2010

James E Muirhead
UNITED STATES MAGISTRATE JUDGE